# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Western District of Missouri |
|---|---|
| Name (under which you were convicted): Roberto Rodriguez | Docket or Case No.: |
| Place of Confinement: United States Penitentiary in Lompoc, California. | Prisoner No.: 22078-045 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | Roberto Rodriguez |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court
   Western District of Missouri
   222 N. John Q. Hammons Pkwy.
   Springfield, Missouri 65806

   (b) Criminal docket or case number (if you know): 3-10-CR-05018-RED-1

2. (a) Date of the judgment of conviction (if you know): October 12, 2011

   (b) Date of sentencing: October 12, 2011

3. Length of sentence: 292 months

4. Nature of crime (all counts):
   - Count One, Conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of mehtamphetamine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B) and 846.
   - Count Two, felon and unlawful user of controlled substances in possession of firearms, in violation of 18 U.S.C. §922(g).
   - Count Three, Possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B).
   - Count Four, felon and unlawful user of controlled substances in possession of firearms, in violation of 18 U.S.C. §922(g).
   - Count Five, Possession of stolen firearm, in violation of 18 U.S.C. §922(j) (DISSMISSED BY GOVERNMENT).
   - Count Six, maintaining a place for the purpose of using and distributing methamphetamine, in violation of 21 U.S.C. §856(a)(1).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☒    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:

    (a) Name of court: Eight Circuit Court of Appeals

    (b) Docket or case number (if you know): No.: 11-3321

    (c) Result: Affirmed

    (d) Date of result (if you know): April 4, 2013

    (e) Citation to the case (if you know): 711 F.3d 928

    (f) Grounds raised:
    1. Was a defendant in custody under Miranda when Officer asked him to exit his vehicle during a traffic stop.
    2. Did Officer have probable cause to conduct warrantless search of car defendant was driving.
    3. Did Agent's affidavit support a determination that probable cause existed to issue search warrant for defendant's residence.
    4. Was Officer's seizure of firearms under the plain view doctrine.
    5. Was evidence sufficient to support conviction for possessing a firearm while being a user of a controlled substance.
    6. Did District Court error in relying on witness's testimony in determining drug quantity at sentencing.
    7. Was there an error in applying two-point enhancement for possessing a stolen firearm.

    (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☒ No ☐

    If "Yes," answer the following:

    (1) Docket or case number (if you know): No.: 13-7166

    (2) Result: Writ of Certiorari denied

    (3) Date of result (if you know): December 2, 2013

    (4) Citation to the case (if you know): none

    (5) Grounds raised: same as raised with the Court of Appeals

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: N/A

    (2) Docket or case number (if you know): N/A

    (3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐  N/A

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐  N/A

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?   N/A

(1) First petition: Yes ☐ No ☐ N/A

(2) Second petition: Yes ☐ No ☐ N/A

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Ineffective Assistance of Counsel Prior to Plea Offer by the Government

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
1.) I hired Richard E. Monroe to represent me in my federal prosecution.
2.) Mr. Monroe assured me that he would investigate my charges and determine whether or not I had a constitutional defense.
3.) I informed Mr. Monroe that I believed I was guilty of the offenses being charged.
4.) Mr. Monroe adviced me to wait until he reviewed the charges, evidence the government had and conducted his own investigation in the case before he gave me a recommendation on how to proceed.
5.) I informed Mr. Monroe that I wanted to plea guilty to the charges.
6.) Mr. Monroe never reviewed or investigated the facts or applicable laws involved in my case.
7.) Mr. Monroe adviced me to proceed to trial even though the facts and applicable law recommended against such advice.
8.) Had Mr. Monroe reviewed the facts and applicable law he would have not adviced me to proceed to trial, but instead recommended that I plea guilty.
9.) Had it not been for Mr. Monroe's unreasonable advice, I would have plead guilty and received a substantially lesser sentence.
10.) Mr. Monroe's unreasonable advice has caused me prejudice in the form of a 292 month sentence.

(b) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☐ N/A

    (2) If you did not raise this issue in your direct appeal, explain why:

        This issue was not developed for appellate review.

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☒

    (2) If your answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐     N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐     N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐     N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND TWO: Ineffective Assistance of Counsel During Plea Offer extended by the Government.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1.) Mr. Monroe adviced me to reject the Government's plea offer.
2.) Mr. Monroe adviced me that the Government could not prove the drug charges against me.
3.) Mr. Monroe adived me that he would win the trial as to the drug charges and that I would only be sentenced for the weapon charges.
4.) Mr. Monroe adviced me that the plea offer by the Government was not beneficial.
5.) Mr. Monroe adviced me that the Plea offer would result in a 7 to 8 year sentence while a lost trial would result in a 10 year sentence.
6.) Mr. Monroe adviced me that I was only risking 2 years if I proceeded to trial.
7.) Mr. Monroe adviced me that he would win my trial and that I would only have to be in jail for an additional 16 months.
8.) Mr. Monroe based his advice on his belief that the Government could not prove the drug charges against me.
9.) Mr. Monroe's belief was unreasonable as the evidence showed I was responsible for the charges.
10.) Had Mr. Monroe reviewed and investigated the evidence he would have realized that the Government could prove the drug charges against me.
11.) Had Mr. Monroe reviewed and investigated the evidence he would have realized that my sentence range would be greater than 10 years, and that the plea offer was more beneficial than he originally thought.
12.) Had Mr. Monroe reviewed and investigated the evidence he would have adviced me to accept the plea offer.

13.) I wanted to plea guilty and would have plead guilty had Mr. Monroe explained to me the actual cost and benefit of going to trial compared to accepting the plea offer.
14.) Due to Mr. Monroe's unreasonable assessment of my case and resulting advice I proceeded to trial and was subsequently sentenced to 292 months.
15.) Had it not been for Mr. Monore's unreasonable assessment of my case and resulting advice I would not have been sentenced to 292 months.
16.) Mr. Monroe's assessment and advice has prejudiced me in the form of a lengthier sentence.

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not ⅩⅩ raise this issue in your direct appeal, explain why:

This issue was not developed for appellate review.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A                    N/A

Name and location of the court N/A where the motion or petition was filed:

Docket or case number (if you N/A know):

Date of the court's decision:         N/A

Result (attach a copy of the court's N/A opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from N/A the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question N/A (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question N/A (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed N/A:

Docket or case number (if N/A you know):

Date of the court's decision:        N/A

Result (attach a copy of the court's N/A opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND THREE: Ineffective Assistance of Counsel During Trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
1.) Mr. Monroe adviced me that no witnesses would testify against me.
2.) I told Mr. Monroe that if Ashley Henderson and or Michael Warren were to testify against me I would lose the trial.
3.) Mr. Monroe adviced me that they would not testify against me and even if they did the jury would not believe them because of the love triangle that was involved between the three of us.
4.) At the day of trial Mr. Monroe told me that Ms. Henderson and Ms. Warren were prepared to testify against me.
5.) I told Mr. Monroe that I wanted to plea guilty.
6.) Mr. Monroe never told me that the trial had started and that I could no longer plea guilty.
7.) Mr. Monroe never told me I could plea guilty in open court before the jury deliberated the case.
8.) Had Mr. Monroe told me of his plea option and the benefits of accepting responsibility I would have taken the option and plead guilty.
9.) Mr. Monroe's incorrect legal advice and understanding of the law has lead to the prejudice I am suffering in the form of a 292 month sentence.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
This issue was not developed for appellate review.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application? N/A
Yes ☐  No ☐

(2) If your answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition:

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application? N/A

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? N/A

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

N/A

Docket or case number (if you know):

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

GROUND FOUR:

Ineffective Assistance of Counsel Prior to and During the Sentencing Hearing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1.) I told Mr. Monroe that neither Ms. Henderson or Mr. Warren had told the truth about the quantity of the drugs involved in my case.
2.) I told Mr. Monroe that I had not known Ms. Henderson or Mr. Warren for 16 months and that phone records between all three of us would prove that it was 4 to 5 months after I arrived in Missouri that I met Ms. Henderson and eventually Mr. Warren.
3.) I told Mr. Monroe that Ms. Henderson had been kicked out of the house for over 2 months and that she only drove for me a few times.
4.) I told Mr. Monroe that the phone records between Ms. Henderson, Mr. Warren and I would show that I purchased minimal user amounts of drugs and not the ounce a day Ms. Henderson and Mr. Warren testified to.
5.) I told Mr. Monroe that Ms. Henderson and Mr. Warren had a reputation of being liars and scam artists, and phone and GPS records would show that they did not travel with me and I never made that many trips.
6.) Mr. Monroe assured me that he would investigate my claims in order to challenge the quantity of methamphetamine I was being responsible for.
7.) Mr. Monroe never investigated my claims.
8.) Had Mr. Monroe investigated my claims he would have discovered the evidence I told him about and presented in court to challenge the credibility and reliability of Ms. Henderson and Mr. Warren.
9.) Had Mr. Monroe investigated my claims the Court would have lowered the quantity of drugs I was being held responsible for and found the informants not credible.
10.) Due to Mr. Monroe's failure to investigate and present the available evidence I am suffering prejudice in the form of 292 months in prison.

(b) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐ No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

        **This issue was not developed for appellate review.**

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐ No ☐   N/A

    (2) If your answer to Question (c)(1) is "Yes," state:   N/A

    Type of motion or petition:   N/A

    Name and location of the court where the motion or petition was filed:

        N/A

    Docket or case number (if you know):   N/A

    Date of the court's decision:   N/A

    Result (attach a copy of the court's opinion or order, if available):

        N/A

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐ No ☐   N/A

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐ No ☐   N/A

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
        Yes ☐ No ☐   N/A

    (6) If your answer to Question (c)(4) is "Yes," state:   N/A

    Name and location of the court where the appeal was filed:

        N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):

        N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:   N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   All grounds being presented in this motion are new and have not been previously presented in federal court.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐  No ☒
   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised
   
   N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing:   Richard E. Monroe, Attorney at Law,
   901 St. Louis Street, Suite 107,
   Springfield, Missouri 65806

   (b) At arraignment and plea:
   - Same as above -

   (c) At trial:   - Same as above -

   (d) At sentencing:   - Same as above -

(e) On appeal: John M. Simpson, Attorney at Law
P.O. Box 22396
Kansas City, Missouri 64113

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate, set aside and or correct conviction and sentence.

or any other relief to which movant may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 06/27/2014 (month, date, year).

Executed (signed) on __06/27/2014__ (date).

*[signature]*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

N/A

Roberto Rodriguez
Reg. No. 22078-045
United States Penitentiary
3901 Klein Boulevard
Lompoc, California 93436-2706

********** LEGAL MAIL **********

********** LEGAL MAIL **********



RECEIVED
2014 JUL -9 PM 12:3?
CLERK, U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

⇦22078-045⇨
Clerk Of The Court
U.S. District Court
222 N. JOHN Q. Hammons PKWY
Springfield, MO 65806
United States

Pris Pro


RECEIVED
JUL 07 2014
ANN THOMPSON CLK
WESTERN DISTRICT
OF MISSOURI

